UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
LEONDRA BRAY,

        Plaintiff,

  - against -

SUFFOLK COUNTY DEPARTMENT OF HEALTH
SERVICES,

        Defendant.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**
18-CV-4962 (RRM) (GRB)

ROSLYNN R. MAUSKOPF, United States District Judge.[1]

Plaintiff Leondra Bray, proceeding *pro se*, brings this action against her former employer, defendant Suffolk County Department of Health Services ("the County"), alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. Before the Court is the County's motion to dismiss the complaint for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). (*See* Doc. No. 10.) For the reasons set forth below, the County's motion is granted and Bray's complaint is dismissed.

## BACKGROUND[2]

Bray, who identifies as bi-racial, was formerly employed by the Suffolk County Department of Health Services. (Compl. (Doc. No. 1) at 8.)[3] She alleges that she was subjected

---

[1] This action was reassigned to the undersigned on May 31, 2019 upon the elevation of the Honorable Joseph F. Bianco to the Second Circuit Court of Appeals.

[2] The facts are drawn from the complaint and its attachments, and are assumed true for the purpose of this Order. The County submits several documents in support of its motion dismiss. However, the Court is generally confined to facts presented in "the four corners of the complaint," and to documents attached to it, incorporated by reference, or integral to the complaint. *Roth v. Farmingdale Union Free Sch. Dist.*, No. 18-CV-4319 (AMD) (ARL), 2019 WL 3281126, at *1 n.2 (E.D.N.Y. July 19, 2019) (internal quotation marks omitted) (citations omitted); *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002). With the exception of the copy of the complaint, (Ex. A to Def.'s Mot. (Doc. No. 10-2)), and the right-to-sue notice (Ex. C to Def.'s Mot. (Doc. No. 10-4)) – both of which are already included in the pleading – none the documents submitted by the County are appropriate to consider on the instant motion, as they are neither incorporated in nor integral to the complaint.

[3] All page references correspond to ECF pagination.

to discrimination based on her race, particularly her physical qualities and skin color, and that the discrimination began when she started working at the Suffolk County Correctional Facility. (*Id*. at 5.)[4] Bray was "asked do things no other employee was asked." (*Id*.) She was denied overtime due to "time abuse," while "fair skinned employees" accused of the same misconduct continued to work overtime. (*Id*.) Bray states that she was "degraded," made to feel "less than human," "pointed at," and "embarrassed." (*Id*.) She was eventually terminated, though the complaint does not indicate when this occurred. (*Id*. at 4.)

In 2016, Bray filed a charge with the Equal Employment Opportunity Commission ("EEOC") regarding alleged discrimination. (*Id*. at 6.) While the Court does not have a copy of the charge, attached to the complaint is a letter, dated September 9, 2016, that Bray wrote to the EEOC. (*Id*. at 8–9.) In the letter, she states that she was forced to work an undesirable shift despite 16 years of seniority, and that the County withheld her paycheck and treated her unfairly because she is bi-racial. (*Id*.) She also received a "threatening letter" after suffering a work-related injury, was "forced" to return to work, and was subsequently "placed on leave 'without pay' for several months." (*Id.*)

The EEOC dismissed Bray's charge and issued a notice of dismissal and right-to-sue letter, dated May 16, 2018. Bray received this letter on May 23. (*Id*. at 6, 10.) The notice states that the EEOC was "unable to conclude" that the County violated the relevant statutes, and advises Bray that if she wishes to pursue a federal action, her lawsuit "must be filed <u>WITHIN 90 DAYS</u>" of her receipt of the letter, or her right to sue based on the charge "will be lost." (*Id*. at 10 (emphasis in original).)

Bray filed the instant action on August 28, 2018 – 97 days after she received the EEOC

---

[4] Bray also alleges that the discrimination began "in 2016 when [she] made complaints to the EEOC." (Compl. at 4.)

right-to-sue letter. She seeks compensatory and punitive damages, as well restoration of her health insurance and wages, and an order requiring the County to engage in training on prejudice. (*Id*. at 6.)

The County now moves to dismiss on the grounds that (1) Bray failed to timely file the complaint within 90 days of when she received the notice of dismissal and right-to-sue letter; (2) some of her claims are time-barred, as they occurred more than 300 days prior to when she filed a notice of charge with the EEOC; and (3) the complaint lacks sufficient factual detail to state a claim of unlawful discrimination. (Def.'s Mot. (Doc. No. 10-7) at 6.)

In response, Bray states that she "began writing to the EEOC as soon as [the discrimination] began." She alleges that the EEOC did not answer her complaints for years. Bray states that she followed the instructions on the EEOC notice, but she "wasn't clear on what need[ed] to be done next," and she did not believe that she was "supposed to present [her] case until [she] was in front of [a] judge." Bray notes that she is not knowledgeable "about all of the laws and regulations," but asks the Court to grant her relief based on her employer's alleged misconduct. (*See* Pl.'s Opp'n (Doc. No. 11).)

## STANDARD OF REVIEW

"As the Supreme Court has made clear," documents filed by *pro se* litigants must be "held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (internal quotation marks omitted) (citation omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This is especially true when a plaintiff alleges that her civil rights have been violated. *See Ahlers v. Rabinowitz*, 684 F.3d 53, 60 (2d Cir. 2012) (citation omitted). The Court therefore reads Bray's complaint liberally and interprets it "to raise the strongest arguments" it suggests. *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474

(2d Cir. 2006) (internal quotation marks omitted) (citation omitted).

To survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 80 (2d Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court accepts all factual allegations in the complaint as true, "drawing all reasonable inferences in the plaintiff's favor." *Kim v. Kimm*, 884 F.3d 98, 103 (2d Cir. 2018) (internal quotation marks omitted) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). Detailed facts are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). The determination of whether "a complaint states a plausible claim for relief" is "a context-specific task that requires" the court to "draw on its judicial experience and common sense." *Id*. at 679 (citation omitted).

## DISCUSSION

### I. Timeliness

To state a claim under Title VII, a plaintiff must file a complaint within 90 days of receiving a right-to-sue letter from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1); *see also Johnson v. Al Tech Specialties Steel Corp.*, 731 F.2d 143, 144 (2d Cir. 1984). The rule is "strictly enforced"; generally, a claim that is not filed within the 90-day period, "even by a *pro se* plaintiff," is dismissed as untimely. *Holder v. ABC, Inc.*, No. 06-CV-6760 (JBW), 2007 WL 9723499, at *1 (E.D.N.Y. Apr. 25, 2007) (citations omitted).

The 90-day rule is not a "jurisdictional predicate," but is treated as a limitations period

4

"subject to equitable tolling." *Johnson*, 731 F.2d at 145–46. Thus, courts are permitted to "extend a statute of limitations on a case-by-case basis to prevent inequity." *Frederick v. Jetblue Airways Corp.*, No. 14-CV-7238 (DLI) (RER), 2016 WL 1306535, at *6 (E.D.N.Y. Mar. 31, 2016) (internal quotation marks omitted) (citations omitted), *aff'd*, 671 F. App'x 831 (2d Cir. 2016). However, equitable tolling is "only appropriate in rare and exceptional circumstances, in which a party is prevented in some extraordinary way from exercising his rights." *Zerilli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) (internal quotation marks omitted) (citations omitted). A plaintiff bears the burden of proving that equitable tolling is appropriate. *See Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000). "[I]n the absence of a recognized equitable consideration, the court cannot extend the limitations period by even one day." *Johnson*, 731 F.2d at 146 (internal quotation marks omitted) (citation omitted) (affirming summary judgment for defendant where *pro se* complaint was filed 97 days after receipt of right-to-sue letter); *see also Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 38 (2d Cir. 2011) (affirming dismissal where complaint was filed 93 days after receipt of right-to-sue letter); *Rivera v. Children's & Women's Physicians of Westchester, LLP*, No. 16-CV-714 (PGG) (DCF), 2017 WL 1065490, at *10 (S.D.N.Y. Mar. 18, 2017) (dismissing Title VII claims where complaint was filed 92 days after receipt of right-to-sue letter); *Glover v. Fed'n of Multicultural Programs*, No. 14-CV-4006 (KAM) (LB), 2015 WL 4600645, at *7 (E.D.N.Y. July 29, 2015) (granting motion to dismiss where claim was filed "one day late").

Here, Bray alleges that she received the notice of dismissal and right-to-sue letter from the EEOC on May 23, 2018. Given that she commenced this action 97 days later, on August 28, 2018, her complaint was filed one week late. Accordingly, absent equitable tolling, this action must be dismissed. *See Johnson*, 731 F.2d at 146.

5

Bray's opposition contains statements that the Court construes as explanations for her failure to comply with the 90-day filing deadline. Bray notes that she is not an attorney, is "not knowledgeable about all of the laws," and "wasn't clear on what need[ed] to be done next." (Pl.'s Opp'n at 1.) While the Court is sympathetic to her circumstances, Bray's status as a *pro se* litigant and her confusion are not grounds for equitable tolling. Ignorance of the law does not qualify as a rare or exceptional circumstance. *See Ayala v. U.S. Postal Serv.*, No. 15-CV-4919 (VSB), 2017 WL 1234028, at *7 (S.D.N.Y. Mar. 31, 2017) ("A *pro se* litigant's mistake about the correct way to calculate the ninety-day period does not warrant equitable tolling."), *aff'd sub nom.*, 727 F. App'x 15 (2d Cir. 2018); *see also Glover* 2015 WL 4600645, at *6 ("[W]hether due to a mistake of law or a miscalculation of time," a *pro se* plaintiff's "incorrect belief" about the 90-day deadline "is not a valid reason to toll the time limitation."). Moreover, a plaintiff's failure to act diligently is not a reason to invoke equitable tolling. *See Stevenson v. City of New York Dep't of Corr.*, No. 09-CV-5274 (ENV) (VVP), 2011 WL 13175927, at *3 (E.D.N.Y. July 11, 2011), *aff'd sub nom.*, 489 F. App'x 517 (2d Cir. 2012). Thus, none of Bray's reasons for missing the 90-day deadline justify equitable tolling. Bray failed to meet the statutory deadline, and she has not satisfied her burden of demonstrating the appropriateness of equitable tolling. Accordingly, Bray's Title VII claim must be dismissed as time-barred.

However, out of an abundance of caution, the Court will allow plaintiff to set forth any further grounds to support equitable tolling. Should she wish to so do, she must file those reasons within 21 days of the date of this Memorandum and Order.

## CONCLUSION

The County's motion to dismiss is granted. However, dismissal will be stayed to allow Bray to submit a supplemental filing setting forth any additional reasons for equitable tolling.

Any supplemental filing shall be made no later than 21 days from the date of this Memorandum and Order. Should Bray fail to timely file any supplemental filing, this action will be dismissed.

The Clerk of Court is respectfully directed to send by overnight mail a copy of this Memorandum and Order to Bray, and note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
      September 27, 2019

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge